JENNINGS SIGMOND, P.C.
Ryan P. McCarthy (Bar No. 219022016)
1835 Market Street, Suite 2800
Philadelphia, PA  19103
Phone: (215) 351-0644
Fax: (215) 922-3524
E-Mail: rmccarthy@jslex.com
Attorney for Plaintiffs

___

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE  DISTRICT OF NEW JERSEY**

| | |
|---|---|
| U.A. LOCAL 322 PENSION FUND, | : |
| U.A. LOCAL 322 HEALTH & WELFARE FUND, | : CIVIL ACTION NO.: |
| U.A. LOCAL 322 ANNUITY FUND, | : |
| U.A. LOCAL 322 EDUCATION FUND, | : |
| LOCAL 322 OF THE UNITED ASSOCIATION | : |
|    OF JOURNEYMEN AND | : |
|    APPRENTICES OF THE PLUMBING AND | : |
|    PIPE FITTING INDUSTRY OF THE UNITED | : |
|    STATES AND CANADA, AFL-CIO, | : |
| U.A. LOCAL 322 POLITICAL ACTION | : |
|    COMMITTEE, and | : |
| KURT R. KRUEGER, JR. in his official capacity | : |
|    as a fiduciary | : |
| 534 So. Route 73 | : |
| P.O. Box 73 | : |
| Winslow, NJ 08095, | : |
| | : |
|                 Plaintiffs, | : |
| v. | : |
| | : |
| DIRECT AIR, L.L.C. . | : |
|    d/b/a Direct Air, LLC | : |
|    d/b/a Direct Air Heating & Cooling | : |
| 2431 Reed Street | : |
| Philadelphia, PA 19146 | : |
| | : |
|                 Defendant. | : |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States or their designees by certified mail.

## VENUE

3. Venue lies in the District of New Jersey under 29 U.S.C. §§ 185(a) or 1132(e)(2), and/or 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff U.A. Local 322 Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2), and (3). The Pension Fund is also known as and referenced as "Pension Fund" and "Pension" in the Labor Contract relating to this Complaint.

5. Plaintiff U.A. Local 322 Health & Welfare Fund ("Welfare Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2), and (3). The Welfare Fund is also known as and referenced as "Health & Welfare" and "Health & Welfare Fund" in the Labor Contract relating to this Complaint.

6. Plaintiff U.A. Local 322 Annuity Fund ("Annuity Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2) and (3).  The Annuity Fund is also known as and referenced as "Annuity" and "Annuity Fund" in the Labor Contract relating to this Complaint.

7. Plaintiff U.A. Local 322 Education Fund ("Education Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3). The Education Fund is also known and referenced as "Education" and "Education Fund" in the Labor Contract relating to this Complaint.

8. Plaintiff Local 322 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("Union") is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Defendant who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6), and (7), 185(a) and 1002(4), (11) and (12).

9. Plaintiff U.A. Local 322 Political Action Committee ("PAC"), is an unincorporated association established pursuant to 2 U.S.C. § 431 *et seq*. or similar law for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election, and/or appointment of individuals for political office.

10. Plaintiff Kurt R. Krueger, Jr. ("Krueger"), is a trustee and fiduciary with respect to the Pension Fund, Welfare Fund, Annuity, and Education Fund within the meaning of 29 U.S.C. § 1002(21) with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the Pension Fund, Welfare Fund, Annuity Fund, and Education Fund. Krueger is Business Manager of the Union and is authorized to bring this action on behalf of the PAC and Union.

11. Plaintiff South Jersey Mechanical Contractors Association Industry Fund, ("IAF" or "Industry Fund") is a trust fund established by the South Jersey Mechanical Contractors

Association, Inc. for the purpose of fostering and advancing the interests of the plumbing and pipefitting industry in accordance with the terms of the Labor Contract.

12. The Pension Fund, Welfare Fund, Annuity Fund, and Education Fund (jointly, "Funds"), along with the PAC and the Union (the Funds, PAC, IAF, Union, and Krueger are collectively called "Plaintiffs") maintain their principal place of business and are administered from offices located in the District of New Jersey.

13. Defendant Direct Air, L.L.C. d/b/a Direct Air, LLC d/b/a Direct Air Heating & Cooling ("Defendant") is a Pennsylvania limited liability company and an employer in industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

14. At all times relevant to this action, Defendant was party to a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").  A copy of the Labor Contract is attached as Exhibit 1.

15. Defendant also signed or agreed to abide by the terms of agreements and declarations of trust of the Funds ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

16. Under the Labor Contract or Trust Agreements, Defendant agreed:

(a) To make full and timely payments on a monthly basis to the Funds, PAC, and Union as required by the Labor Contract;

(b) To file monthly remittance reports with the Funds, PAC, and Union detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request by the Funds, PAC, and Union, individually or jointly, all books and records deemed necessary to conduct an audit of the Defendant's records concerning its obligations to the Funds, PAC, and Union; and

(d) To pay interest, liquidated damages, and all costs of litigation, including attorneys' fees expended by the Funds, PAC, Union, and IAF to collect any amounts due as a consequence of Defendant's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and, (c).

17. On October 3, 2019, the Funds' auditor, Novak Francella LLC, completed an audit of Defendant's books and records for the period January 1, 2015 through December 31, 2018, which revealed that Defendant owes the Funds, PAC, IAF, and Union $22,750.04 in delinquent contributions.

## COUNT I   CONTRIBUTIONS UNDER ERISA – SUM CERTAIN

### FUNDS

### v.

### DEFENDANT

18. All previous paragraphs are incorporated as through full set forth herein.

19. Based on information currently available to the Funds, Defendant owes the Funds $22,401.59 in delinquent contributions.

20. The Funds are adversely affected and damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Defendant and in favor of the Plaintiffs, for the benefit of the Funds, for at least the sum certain amount plus any additional amounts that become due and

owing during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute, the cost of the audit, and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Labor Contract, Trust Agreements and 29 U.S.C. § 1132(g)(2). (2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT – SUM CERTAIN

## PLAINTIFFS

## v.

## DEFENDANT

21. All previous paragraphs are incorporated as though fully set forth herein.

22. Company has failed to pay to the Plaintiffs contributions due under the Labor Contract and Trust Agreements.

23. Based upon information currently available to the Plaintiffs, Defendant has failed to pay amounts due under the Labor Contract and Trust Agreements for the period January 1, 2015 through December 31, 2018 in at least the sum of $22,750.04.

24. The Plaintiffs have been damaged as a proximate result of Defendant's breach of the Labor Contract and/or its incorporated documents.

**WHEREFORE**, the Plaintiffs ask that the Court:

(1) Enter judgment against Defendant and in favor of Plaintiffs, for the benefit of the Funds, PAC, IAF and Union, for at least the sum certain currently due plus any additional

amounts which may become due during the pendency of this lawsuit, together with interest, liquidated damages, audit costs, and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

      (2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

/s/ Ryan P. McCarthy
**RYAN P. MCCARTHY (Bar No. 219022016)**

Dated: July 16, 2020